IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 26- 131 |
| | ) | |
| ROBERT HLOVCHIEC | ) | **[UNDER SEAL]** |

JUL 07 2026

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Troy Rivetti, United States Attorney for the Western District of Pennsylvania, and Brendan J. McKenna and Alyssa R. Angotti, Assistant United States Attorneys for said district, and submits this Indictment Memorandum to the Court:

## I.   THE INDICTMENT

A federal grand jury returned a twelve-count indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1-6 | Interstate Threats | 18 U.S.C. § 875(c) |
| | On or about February 27, 2026 (Count One) On or about February 27, 2026 (Count Two) On or about February 27, 2026 (Count Three) On or about March 1, 2026 (Count Four) On or about March 2, 2026 (Count Five) On or about March 2, 2026 (Count Six) | |
| 7-12 | Influencing, Impeding, or Retaliating Against a Federal Official by Threat | 18 U.S.C. §§ 115(a)(1)(B) and 115(b)(4) |
| | On or about February 27, 2026 (Count Seven) On or about February 27, 2026 (Count Eight) | |

1

On or about February 27, 2026 (Count Nine)
On or about March 1, 2026 (Count Ten)
On or about March 2, 2026 (Count Eleven)
On or about March 2, 2026 (Count Twelve)

## II.  ELEMENTS OF THE OFFENSES

### A.  As to Counts One through Six:

In order for the crime of Interstate Threats, in violation of Title 18, United States Code, Section 875(c), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.     That the defendant communicated a true threat to injure the person of another; that is, the defendant transmitted a communication that a reasonable person would view as a threat;

2.     That the defendant consciously disregarded a substantial risk that his communication would be viewed as threatening to injure the person of another; and

3.     That threat was communicated in interstate commerce.

18 U.S.C. § 875(c).

### B.  As to Counts Seven through Twelve:

In order for the crime of Influencing, Impeding, or Retaliating Against a Federal Official by Threat, in violation of Title 18, United States Code, Sections 115(a)(1)(B) and 115(b)(4), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant communicated a true threat to injure the person of another; that is, the defendant transmitted a communication that a reasonable person would view as a threat;

2. That the defendant consciously disregarded a substantial risk that his communication would be viewed as threatening to injure the person of another; and,

3. That the defendant threatened to assault or murder a United States official,

a. with the intent to impede, intimidate, or interfere with such United States official while engaged in the performance of official duties, or

b. with intent to retaliate against such United States official on account of the performance of official duties.

18 U.S.C. § 115(a)(1)(B).

### III. <u>PENALTIES</u>

**A.    As to each of Counts One through Six: Interstate Threats (18 U.S.C. § 875(c)):**

1. A term of imprisonment of not more than five (5) years.

2. A fine not to exceed $250,000.

3. A term of supervised release of not more than three (3) years.

**B.    As to Counts Seven through Twelve: Influencing, Impeding, or Retaliating Against a Federal Official by Threat (18 U.S.C. §§ 115(a)(1)(B) and 115(b)(4)):**

1. Imprisonment for not more than ten (10) years for a threat to murder; imprisonment for not more than six (6) years for a threat to assault.

2. A fine not to exceed $250,000.

3

3.    A term of supervised release of not more than three (3) years.

## IV.  MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V.  RESTITUTION

Restitution may be ordered in this case, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

## VI.  FORFEITURE

Forfeiture is not applicable in this case.

Respectfully submitted,

TROY RIVETTI
United States Attorney

*s/ Brendan J. McKenna*
BRENDAN J. McKENNA
Assistant U.S. Attorney
PA ID No. 314315

*s/ Alyssa R. Angotti*
ALYSSA R. ANGOTTI
Assistant U.S. Attorney
PA ID No. 323007